FILED
OCT 13 2005
U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re: .                          ) Chapter 13
                                  )
RICHARD I. SMITH,                 ) No. 4-05-bk-02224-JMM
                                  )
                                  ) **MEMORANDUM DECISION**
                                  )
_____Debtor._____ ) (Opinion to Post)

Before this court is an objection to the Debtor's eligibility to file for chapter 13 relief. 11 U.S.C. § 109(e). The parties have briefed and argued the issues, and the court has reviewed the entire administrative file and the applicable law.

## FACTS

### 1. Bankruptcy Case

The Debtor filed a chapter 13 petition on April 25, 2005. In his schedules, he listed, in Schedule F, ten unsecured creditors holding debts of $90,700. Among those listed is the moving creditor herein, Bill Britt, assignee of Sovereign Equity Management Partners. Mr. Britt is listed in the schedules as holding a debt, in an "unknown amount, which was noted to be contingent, unliquidated, and disputed.

### 2. Pre-filing Dispute

The moving papers describe a pre-petition lawsuit, in which the Debtor was an officer, director, or shareholder of an entity known as United Forex Exchange, Inc. ("UFX"), and was alleged to have been an alter ego thereof. Sovereign alleged that it invested $1,575,000 with UFX. Several

h:\wp\orders\

payments were made, however, and the balance was eventually reduced to $758,340. A California jury returned a judgment of $798,340 in a lawsuit in favor of Britt/Sovereign and against UFX and others.

However, the jury found the Debtor to be responsible for only 10% of that sum. (See Question No. 16, Ex. B to moving papers.) Thus, had the matter proceeded to judgment against the Debtor (as it apparently did in spite of the automatic stay), Mr. Britt's claim against him would have been $79,834, not $758,340. The judgment of the jury was <u>not</u> joint and several, nor did it assess damages against the Debtor for $758,340.

The judgment of the jury, clearly establishes that although UFX may have been liable to Mr. Britt for $798,340, Debtor's apportioned responsibility for any negligence was assessed at only 10%, or $79,834. This verdict was rendered on June 9, 2005. Thus, even if one takes in account that the automatic stay technically prevented the entry of this special verdict as against the Debtor, the fact remains that if the stay were to be annulled, that figure establishes the Debtor's responsibility to Mr. Britt. And, if the same 10% analysis is applicable to creditor David Schmidt, the Debtor's individual responsibility to that creditor is $36,700.[1]

Attorney Cameron Jolly's affidavit, and conjecture as to what California law requires, is irrelevant since a California jury has decided the requisite degree of responsibility as to each individual defendant, including the Debtor.

## ANALYSIS

The chapter 13 eligibility requirement, pursuant to § 109(e), requires that a debtor have no more than $290,525 in unsecured debt in order to be eligible.

In this case, the Debtor listed known debts of $90,700. Even if the debts to Schmidt and Britt were to be added thereto in the 10% proportions awarded by a jury, those sums together total

---

[1] David Schmidt received a judgment of $367,000. Schmidt was also listed as a creditor in the Debtor's Schedule F, also for a contingent and unliquidated debt of an "unknown" amount.

$116,534. When added to the scheduled amount, the Debtor's obligations are $217,234, $73,000 less than the prohibited threshold.

The Debtor has therefore not exceeded the statutory threshold of $290,525, and is eligible for chapter 13 relief.

## RULING

A separate order will be entered which DENIES creditor Britt's motion to dismiss.

DATED: October 13, 2005.

                                              JAMES M. MARLAR
                                              UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below this 13 day of October, 2005, upon:

Thomas A. Denker
2321 E. Speedway Blvd
Tucson, AZ 85719-4730
Attorney for Debtor
E-mail Tad@TADenker.com

Steven M. Cox
Waterfall Economidis Caldwell Hanshaw & Villamana, P.C.
5210 E. Williams Cir., #800
Tucson, AZ 85711
Attorneys for Sovereign Equity Management
Email smcox@wechv.com

Dianne C. Kerns
7320 N. La Cholla #154
PMB 413
Tucson, AZ 85741-2305
Email andrea.hopkins@dcktrustee.com
Chapter 13 Trustee

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
U.S. Mail

By MB Thompson
    Judicial Assistant

h:\wp\orders\

4