FILED

DEC 1 3 2005

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re: ) Chapter 13
)
RICHARD I. SMITH, ) No. 4-05-bk-02224-JMM
)
) **MEMORANDUM DECISION**
)
Debtor. ) (Opinion to Post)

This court has been asked to alter or amend its order of October 13, 2005. The grounds are that the court made a manifest error of law in concluding that the Debtor's tort liability was only $90,700.

The moving party, Sovereign Equity Management Partners, argued that pursuant to California law, apportionment only acted to allocate the loss as and among the joint tortfeasors. Such an apportionment does not limit, Sovereign maintains, its ability to collect the full amount of the judgment from any tortfeasor. That tortfeasor, in turn, has a proportionate right of contribution from the others. *See, e.g., American Motorcycle Ass'n v. Superior Court*, 20 Cal. 3d 578 (1978).

While this statement is generally accurate, the judgment submitted by Sovereign in support of its § 109(e) eligibility challenge does not contain any judgment whatsoever against the Debtor in this chapter 13 case, Richard J. Smith.

Thus, while the jury may have felt that Richard ("Rick") Smith was 10% at fault, the judgment is silent to his liability, either jointly or severally. Perhaps this is because by the time the judgment was entered on November 14, 2005, Mr. Smith had filed for bankruptcy relief and had obtained the benefit of the automatic stay.

No judgment was ever entered by the Superior Court Judge Makino against the Debtor in this action.

h:\wp\orders\

Eligibility for chapter 13 is established under § 109(e), which provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 . . . may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

Only contingent or unliquidated debts are excluded from the § 109(e) eligibility computation. Disputed debts are not excluded solely on that basis. *See Sylvester v. Dow Jones & Co., Inc. (In re Sylvester)*, 19 B.R. 671, 673 (9th Cir. BAP 1981) (disputed contract claim was liquidated). One basis for excluding a disputed debt may be where the nature of the dispute renders the debt unascertainable and, therefore, unliquidated. *See Ho v. Dowell (In re Ho)*, 274 B.R. 867, 875 (9th Cir. BAP 2002).

Debtor's original Schedule F indicated a total of $90,700 in noncontingent, liquidated, unsecured debts other than Sovereign's claim. Debtor designated the debts to Sovereign/Britt and David Schmidt as disputed, contingent and unliquidated debts in "unknown" amounts

The rule in the Ninth Circuit is that chapter 13 eligibility under § 109(e) "should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 982 (9th Cir. 2001) (citing *Comprehensive Accounting Corp. v. Pearson (Matter of Pearson)*, 773 F.2d 751, 757 (6th Cir. 1985)). If a bad-faith objection has been brought by a party in interest, "'a bankruptcy court should look past the schedules to other evidence submitted," so long as the debt computation for eligibility is determined as of the petition date. *Scovis*, 249 F.3d at 981 (quoting *Quintana v. I.R.S. (In re Quintana)*, 107 B.R. 234, 239 n.6 (9th Cir. BAP 1989) (citation omitted), *aff'd*, 915 F.2d 513 (9th Cir. 1990)).

In *Ho*, the nature of the dispute was such that an extensive evidentiary hearing would have been necessary to resolve the liability issue. The BAP had previously held that where an extensive evidentiary hearing would be required to determine liability, such debt was not readily ascertainable and was therefore unliquidated. *Id.* at 874-75 (citing *Nicholes v. Johnny Appleseed of Wa. (In re Nicholes)*,

184 B.R. 82, 90-91 (9th Cir. BAP 1995)). In *In re Slack*, 187 F.3d 1070 (9th Cir. 1999), the Ninth Circuit agreed with this approach when it stated:

> Whether the debt is subject to 'ready determination' will depend on whether the amount is easily calculable or whether an extensive hearing will be needed to determine the amount of the debt, or the liability of the debtor.

187 F.3d at 1074.

The definition of "readily ascertainable" is clearly set forth in the Ninth Circuit precedents of *Slack* and *In re Wenberg*, 902 F.2d 768 (9th Cir. 1990). In *Wenberg*, the Ninth Circuit explained:

> The definition of "ready determination" turns on the distinction between a simple hearing to determine the amount of a certain debt, and an extensive and contested evidentiary hearing in which substantial evidence may be necessary to establish <u>amounts or liability</u>. On this issue, the bankruptcy judge has the best occasion to determine whether a claim will require an overly extensive hearing or whether the claim is subject to a bona fide dispute; therefore not subject to "ready determination."

*FDIC v. Wenberg (In re Wenberg)*, 94 B.R. 631, 634-35 (9th Cir. BAP 1988) (emphasis added), cited with approval in *Ho*, 274 B.R. at 875 and *Slack*, 187 F.3d at 1074.

Most cases holding that the schedules control despite other evidence as to liability are those where the liability has been fixed pursuant to a judgment, statute, or specific contract terms. *See Scovis*, 249 F.3d at 984 (listing of both homestead exemption and a judgment lien on schedules provided a sufficient degree of certainty to regard a debt as unsecured for eligibility purposes); *Sylvester v. Dow Jones & Co., Inc. (In re Sylvester)*, 19 B.R. 671, 673 (9th Cir. BAP 1981) (contract debt); *Fostvedt v. Dow (In re Fostvedt)*, 823 F.2d 305, 306 (9th Cir. 1987) (promissory notes); *In re Monroe*, 282 B.R. 219, 223 (Bankr. D. Ariz. 2002) (prepetition judgment); *In re Madison*, 168 B.R. 986, 989 (D. Haw. 1994) (taxes and deficiencies determined by IRS); *United States v. Verdunn*, 89 F.3d 799, 802 (11th Cir. 1996) (tax liabilities and penalties); *In re Knight*, 55 F.3d 231, 235 (7th Cir. 1995) (statutory penalty owed by judge for failure to report traffic violations); *Barcal v. Laughlin (In re Barcal)*, 213 B.R. 1008, 1014 (8th Cir. BAP 1997) (assessed taxes).

These cases are concerned that a debtor may abuse the bankruptcy system by using the "dispute" technique as a stalling device, and that the debtor should not have unbridled authority to determine his or her eligibility. *See Madison*, 168 B.R. at 989 (discussing cases).

The majority of cases which involve a bona fide dispute as to liability which will entail extensive hearings in order to resolve fall within the *Ho* analysis, which looks at the potential for creditor-inspired abuse. For example, creditors might assert inflated or invalid claims that exceed the § 109(e) limits, which then would be a "disincentive for debtors to provide accurate, complete and candid schedules...." *Ho*, 274 B.R. at 875; *In re Baird*, 228 B.R. 324, 330 (Bankr. M.D. Fla. 1999) (creditors may file duplicate or triplicate claims or allege treble damages). In such factual situations, the BAP said that "if [Ninth Circuit precedent] were interpreted to preclude consideration of the remoteness of liability, we would have created a dilemma that inevitably will lead to schedules that are shaded to omit debts at the margin of liability." *Ho*, 274 B.R. at 875.

Therefore, cases that are not capable of ready and precise determination without an extensive evidentiary hearing because of a bona fide dispute usually, but not always, involve pending tort or personal injury litigation. *See id.*; *In re Allen*, 241 B.R. 710, 717 (Bankr. D. Mont. 1999), *aff'd in part*, 23 Fed. Appx. 859 (9th Cir. 2002) (debtor disputed ex-wife's assault claim and amount of requested damages); *Baird*, 228 B.R. at 329-30 (dispute as to corporate or personal liability for treble damages); *In re King*, 9 B.R. 376, 379 (Bankr. D. Or. 1981) (fraud action). The instant case falls within this category.

Here, a resolution of the liability and damages issues would require extensive hearings and evidence from both parties. The result is not clear. In fact, the allocation of 10% liability raises questions as to whether a jury might find Debtor Richard Smith liable for the acts of his company at all.

## CONCLUSION.

Therefore, I must conclude that Sovereign/Britt's claim was unliquidated at the petition date and, thus, Debtor properly scheduled that claim as "unknown." Thus, Debtor is eligible for chapter 13 relief pursuant to § 109(e).

## RULING

The motion to alter or amend will, therefore, be DENIED. A separate order will be entered.

DATED: December 13, 2005.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| 1 | COPIES served as indicated below this 13 day of December, 2005, upon: |
| 2 | |
| 3 | Thomas A. Denker<br>2321 E. Speedway Blvd<br>Tucson, AZ 85719-4730 |
| 4 | Attorney for Debtor<br>E-mail Tad@TADenker.com |
| 5 | |
| 6 | Cameron M. Jolly<br>Mixon, Valk & Jolly, LLP<br>5757 Anton Blvd., Suite 670 |
| 7 | Costa Mesa, CA 92626<br>Attorneys for Sovereign Equity Management |
| 8 | U.S. Mail |
| 9 | Steven M. Cox<br>Waterfall Economidis Caldwell Hanshaw & Villamana, P.C. |
| 10 | 5210 E. Williams Cir., #800<br>Tucson, AZ 85711 |
| 11 | Attorneys for Sovereign Equity Management<br>Email smcox@wechv.com |
| 12 | |
| 13 | Dianne C. Kerns<br>7320 N. La Cholla #154<br>PMB 413 |
| 14 | Tucson, AZ 85741-2305<br>Email andrea.hopkins@dcktrustee.com |
| 15 | Chapter 13 Trustee |
| 16 | Office of the United States Trustee<br>230 North First Avenue, Suite 204 |
| 17 | Phoenix, AZ 85003-1706<br>U.S. Mail |
| 18 | |
| 19 | By _MB Thompson_ |
| 20 | Judicial Assistant |